275 P.2d 881

Ruth Neighbors ADAMS, Plaintiff and
Appellant,

v.

Floretta LANG, Defendant and Respondent.
No. 8141.

Supreme Court of Utah.
Nov. 9, 1954.

Frank E. Moss, County Atty., Salt Lake City, for appellant.

Rich & Strong, Salt Lake City, for respondent.

WADE, Justice.

This is an appeal from a judgment on a jury's verdict of "no cause of action" by Ruth Neighbors Adams, plaintiff and appellant herein. Appellant's action was for personal injuries sustained while riding as a passenger in a car driven by Floretta Lang, respondent herein.

The accident occurred on December 15, 1952, at a little before 7 o'clock in the

morning on U. S. Highway 50, about a quarter of a mile east of the Arthur Mill, when the car which was being driven westward by respondent, as it rounded a curve struck an icy spot, skidded off onto the shoulder on the left and after about 90 feet turned back to the right, where respondent was unable to prevent it from going over an embankment onto railroad tracks below. There were four persons, including appellant and respondent, in the car, all of whom were on their way to work as the Tooele Ordnance Depot at the time of the accident, and respondent was driving at the request of one of the passengers whose husband owned the car. The roads had been clear and apparently free from ice up to the point where the car started skidding, and although it was still dark, visibility under the lights was good at that place. The speed limit was 40 miles per hour and the testimony of the passengers was that respondent was driving between 30 and 40 miles per hour at the time. Respondent testified she was driving between 35 and 40 miles per hour.

The sole question presented on this appeal is: Did the trial court commit prejudicial error in refusing to admit on rebuttal the opinion testimony of an expert witness as to the speed the car was traveling based on a hypothetical question?

The expert's opinion which was based on the hypothetical question was sought to be elicited on rebuttal, appellant having rested in her case in chief. On the question of speed, respondent, who was defendant below, admitted that she was driving between 35 and 40 miles per hour at the time of the accident. This coincided with appellant's testimony and with that of the other witnesses who were present. It is true one witness for defendant testified he thought she was driving between 30 and 35 miles an hour, but admitted it could have been between 35 and 40 miles. Appellant and the other witness were seated in the front seat and both testified that respondent was driving between 35 and 40 miles per hour. There being no controversy between any of the witnesses, neither plaintiff's nor defendant's, who were present and in a position to know the speed at which the car was being driven, there was no necessity for rebuttal at all, regardless of what form that evidence took, whether direct evidence or opinion evidence based on a hypothetical question in proper form and scope. Rebuttal evidence is limited to evidence made necessary by the adverse party's reply. As stated by Wigmore on Evidence, Third Ed., Sec. 1873:

"It is clear that the orderly presentation of each party's case would leave the proponent nothing to do, in his case in rebuttal, except to meet the new facts put in by the opponent in his case in reply. Everything relevant as a part of the case in chief would naturally have been already put in; and a rebuttal is necessary only because, on a plea in denial, new subordinate evidential facts have been offered, or be-

cause, on an affirmative plea, its substantive facts have been put forward, or because, on any issue whatever, facts discrediting the proponent's witnesses have been offered　\*　\*　\*."

"Accordingly, it is well settled that, while the occasional difficulty of discrimination, and the frequency of inadvertent omissions and unexpected contests, add emphasis to the general principle of the trial Court's discretion (ante, Sec. 1867), [it is always within the sound discretion of the court to admit evidence out of the prescribed customary order] yet the usual rule will exclude all evidence which has not been made necessary by the opponent's case in reply　\*　\*　\*."

Appellant could have introduced the expert's opinion evidence in her case in chief, not having done so, and under the facts of this case, it not being proper rebuttal, the court did not abuse its discretion in refusing to admit it after she had rested her case in chief.

In view of what we have said it will serve no useful purpose to determine whether the court may have erred in sustaining objections as to the form and sufficiency of the hypothetical question propounded by appellant and we therefore express no opinion thereon.

Affirmed.　Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD and WORTHEN, JJ., concur.